UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN M. HUNTER, :
:
    Petitioner :
vs. : CIVIL NO. 1:CV-10-0137
:
B. A. BLEDSOE, : (Judge Caldwell)
:
    Respondent :

*M E M O R A N D U M*

I. *Introduction*

Pro se petitioner, Steven Hunter, a federal inmate serving a 10- to 31-year sentence imposed by the District of Columbia Superior Court, has filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the United States Parole Commission's continued refusals to grant him parole. He claims the Commission has retroactively applied its own parole guidelines and practices, or the wrong D.C. Board of Parole regulations, in violation of the Ex Post Facto Clause of the Constitution. (Doc. 1, Pet.) Along with his petition, Hunter has filed a series of motions that fall into the following categories: (1) motions to amend (docs. 12, 36 and 41); (2) motions for writ of mandamus or emergency motions for writ of mandamus (docs. 17, 22, 23, 25, 33 and 40); (3) motions for preliminary injunctions or temporary restraining orders (docs. 20 and 30); and (4) motions for status reports (docs. 19, 24, and 27). There are other motions pending in the case as well, but they will be addressed separately.

For the following reasons, Hunter shall show cause why his petition for habeas corpus, in whole or in part, should not be dismissed as an abuse of the writ. Additionally, Hunter's motions to amend, for mandamus, preliminary injunction and status reports will be denied.

II.   *Discussion.*

    A.   *Abuse of the Writ*

Where a petitioner "had a full and fair opportunity to raise [a] claim in [a] prior application, a second-in-time application that seeks to raise the same claim is barred as 'second or successive'." *Magwood v. Patterson*, _ U.S. _, _, 130 S.Ct. 2788, 2804, 177 L.Ed.2d 592 (2010). Title 28 U.S.C. § 2244(a) bars second or successive § 2241 applications that seek to relitigate claims that were adjudicated in a prior § 2241 petition.[1] *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008)(per curiam)(holding that, under § 2244(a) and the abuse-of-the-writ doctrine, § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action").

---

[1] Specifically, § 2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

The Court takes judicial notice of the records in the following matters: (1) *Hunter v. Reilly*, Civ. No. 09-0025 (D.D.C. 2010); *see also Hunter v. Reilly*, 693 F. Supp.2d 53 (D.D.C. 2010); and (2) *Hunter v. U.S. Parole Comm'n*, Civ. No. 06-1745 (W.D. La. 2009); *see also Hunter v. U.S. Parole Comm'n*, No. 06-01745, 2009 WL 3853378 (W.D. La. Nov. 17, 2009). A review of the pleadings and opinions in these cases suggest that some, if not all, of the issues raised in Hunter's present habeas petition have been previously examined and resolved by other federal district courts. Hunter will be given the opportunity to identify which of the thirteen grounds set forth in his present habeas petition should not be dismissed under the abuse-of-the writ doctrine.

B.  *Motions to Amend*

Hunter has filed several motions to amend his original habeas petition. *See* Docs. 12, 36 and 41. In his first motion to amend, he seeks to add claims challenging the Commission's use of the 1987 D.C. Board of Parole's regulations and 1991 guidelines when considering him for parole on July 27, 2009. He believes any use of the 1991 guidelines is improper. (Doc. 12, Mot. to Amend). As such a theory is already set forth in the original petition, *see* Ground Two, the motion is denied.

In his second motion to amend, Petitioner wishes to dispute the appropriateness of the Commission's consideration of his negative institutional behavior as a countervailing factor to depart from the 1987 D.C. Parole regulations. The latter regulations suggest parole should have been granted at his 2009 hearing. (Doc. 36, Mot. to Supplement). This claim, which questions whether the appropriate D.C. Parole Board

-3-

regulations were applied to his July 2009 rehearing are also part of Ground Three of his Petition. *See* Doc. 1 at CM/ECF p. 5[2] ("The USPC consider[s] Petitioner['s] negative institutional behavior in determining whether or not petitioner is suitable for parole and as a countervailing factor to depart from the guideline recommendation of granting petitioner parole."). Based on the above, this motion to amend will be denied as it is redundant to his other motions.

      C.    *Motions for Writ Mandamus or Emergency Writ of Mandamus*

Pursuant to 28 U.S.C. § 1361, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The remedy of mandamus is a drastic measure reserved for the most extraordinary circumstances. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1983).

In Hunter's various motions for writ of mandamus, or emergency writ of mandamus, he simply reasserts his opinion that his petition is clearly meritorious and

---

[2] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-4-

requests that the Court reach an immediate decision as to the issues raised, and then release him from his "unconstitutional" confinement. (Docs. 17, 22, 23, 25, 33 and 40). Hunter's motions for mandamus miss the mark as the prerequisites for mandamus relief plainly are not met. The petitioner is not owed a non-discretionary duty by this Court. His right to the writ is not clear and indisputable, especially in light of the possibility that some, if not all, of his present petition is barred by the abuse-of-the-writ doctrine. Based on the above, Hunter's motions for mandamus relief will be denied. Further, resolution of these motions make's Hunter's motion for an order to show cause why his emergency mandamus motion should not be granted (doc. 26) moot.

        D.    *Motions for Preliminary Injunction, or in the Alternative, for a Temporary Restraining Order*

Hunter's motions for injunctive relief do not relate to the issues raised in his habeas petition. Rather, they request that the Court direct Bureau of Prison (BOP) officials to modify his housing arrangements so he may be single-celled due to his many psychological issues (doc. 20), or they seek an order separating him from various BOP staff members he claims have assaulted him (doc. 30). Hence his motions for injunctive relief will be denied as they are unrelated to the claims asserted in this action and seek relief against persons who are not parties to this action. *See Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006)(per curiam)(nonprecedential).

E.   *Motions for Status Reports*

Hunter has requested the status of the Court's ruling in this case.  As of the issuance of this Memorandum and accompanying Order, the status of the case is now known to him.  As such, his various motions for status reports will be denied.

We will issue an appropriate Order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: September 24, 2010

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN M. HUNTER, :
:
      Petitioner :
  vs. : CIVIL NO. 1:CV-10-0137
:
B. A. BLEDSOE, : (Judge Caldwell)
:
      Respondent :

*O R D E R*

AND NOW, this 24th day of September, 2010, it is ordered that:

1. Within fourteen (14) days of this Order Hunter is to identify which of his thirteen claims, if any, should not be dismissed as an abuse of the writ because they have not already been adjudicated by another federal district court.

2. The following motions to amend or supplement the petition are denied: doc. 12, 36 and 41.

3. The following motions for mandamus or emergency mandamus are denied: doc. 17, 22, 23, 25, 33 and 40.

4. Hunter's Motion to Show Cause Why his Emergency Motion for Writ of Mandamus (doc. 26) is denied as moot.

5. The following motions for preliminary injunction or motions for temporary restraining orders are denied: doc. 20 and 30.

6. The following motions for status reports are denied: doc. 19, 24 and 27.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge